73  519
148a 752

HARRY R. ELLIOTT and Another, Respondents, *v.* THE NEW YORK ENDOWMENT COMPANY, Appellant.

*Counterclaim for an unpaid stock subscription — controlling effect of the terms of the contract of subscription.*

When, in an action brought to recover from a domestic stock corporation the value of goods sold and delivered to it, the corporation defendant interposes as a counterclaim an alleged unpaid balance claimed to be due upon a subscription by plaintiff to its stock, the contract of subscription can be enforced only according to its terms.

Where such a counterclaim is interposed by the defendant corporation, and it appears that the plaintiff's subscription was accompanied by a letter to the effect that he agreed to subscribe for a certain amount of the stock and pay a certain percentage thereon in cash (which had been done), and pay the balance by deducting a certain percentage from his monthly accounts with the corporation, the contract of subscription is to be deemed in writing, and the counterclaim for an unpaid balance on the stock so subscribed for can be maintained only in accordance with the terms of such contract, namely, by proof of what the plaintiff's monthly accounts were and of what the specified percentage thereon amounted to.

APPEAL by the defendant, the New York Endowment Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of Kings county on the 24th day of May, 1893, upon a verdict directed by the court at the Kings County Circuit.

*John L. Linson*, for the appellant.

*John Andrews*, for the respondents.

DYKMAN, J.:

This is an appeal from a judgment entered upon a verdict made by direction of the court upon a trial at the Circuit.

The complaint of the plaintiffs stated: *First*, that they were co-partners in business; *second*, that the defendant is a domestic corporation; *third*, that between the 1st day of January and the 1st day of September, 1892, the plaintiffs sold and delivered to the defendant goods, consisting of stationery, and did printing and lithographing work of the value of $1,665.75; *fourth*, that the defendant had paid $900 on account of the claim, leaving a balance of $764.75, for which the plaintiffs demanded judgment. The answer of the defendant stated: *First*, that it had no knowledge or information of the facts stated in paragraphs 1, 3 and 4 of the complaint. Then set up a counterclaim against the plaintiffs upon an allegation that they had subscribed the sum of $1,000 to the stock of the defendant, and paid the sum of $100 on account thereof, and demanded judgment in its favor. There was a reply in which the plaintiffs denied that they subscribed the sum of $1,000 for the stock of the defendant, or that they ever received any notice of assessment, but admitted that the defendant requested the plaintiffs to take $1,000 worth of stock of the defendant upon the following terms: That the plaintiffs should pay ten per cent of the amount of stock in cash, the balance of said stock to be paid for by the deduction of fifteen per cent from the amount to be paid by the defendant to plaintiffs each month for goods to be sold and delivered, and work and labor to be performed by the plaintiffs; that they paid $100, and that the defendant failed to perform its agreement. Afterwards the defendant withdrew its denial to the third paragraph of the complaint, which alleged the performance of the work and the sale of the property. Upon the trial a witness was called by the plaintiffs who proved the amount of interest due upon the demand, and upon cross-examination was handed a paper, the signature to which was proved by him to be that of one of the plaintiffs. Thereupon the plaintiffs rested, and the counsel for the defendant asked leave of the court to amend his answer. Counsel for the

plaintiffs objected to the amendment because the application should have been made to the Special Term, as the defense related to matters which had arisen since the commencement of the action, and it would be necessary to serve a supplemental pleading setting up such new matter. Thereupon the judge denied the motion to amend. The counsel for the defendant then read the deposition of a witness taken upon commission, which showed, among other things, a letter from the plaintiffs as follows :

"In reference to our conversation of this P. M., we find the best we are able to do will be to subscribe now for $1,000 of stock with the privilege of two thousand, 10% down and the balance to be paid as follows : 15% to be deducted from our account with you each month and credited toward the payment of balance. Trusting this will be satisfactory to you, we are

"Yours very truly,

"H. R. ELLIOTT & CO."

At the close of the testimony the counsel for the plaintiffs requested the court to direct a verdict in their favor, and the court stated : "No doubt it is true that stock cannot be paid for so as to make it full-paid stock by any arrangement to pay for it in this way, but it seems to me equally plain that in a litigation between a company and the plaintiff who has sold and delivered goods to the company, and performed labor for the company, where a counterclaim is interposed by reason of a subscription on the part of the plaintiffs to that company's stock, that contract to subscribe can be enforced only according to its terms. Now, the contract to subscribe here was made really in writing, that is to say, under the rules of evidence, as I understand them and feel bound to apply them in this case, in order to get at what the real transaction between the company and these plaintiffs was, we must look at the letter they wrote, and at the subscription written, as I must assume at this stage of the case, in the absence of any further evidence, with the authority of these plaintiffs.

"Taking the letter and the subscription together, it amounts merely to this, that they agreed to subscribe for this stock and to pay all that they did not pay at once by deducting 15% from their

monthly accounts. If you, the defendant, had proved here what the monthly accounts were, and had asked a deduction of 15% from each of these monthly accounts on the part of your counterclaim as a set-off or deduction, I think you would be entitled to have it, but in the absence of any proof as to what the monthly accounts were, and what the 15% was, I think the plaintiffs are entitled to a verdict for the entire amount claimed, and I direct a verdict accordingly for $830.62," to which there was an exception.

We concur in the views so stated and find no difficulty in affirming the judgment, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.